STATE OF CONNECTICUT *v.* GEORGE M. MALOLEPSZY

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 28, 1963

*George M. Malolepszy,* the defendant, pro se.

*Otto J. Saur,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-three, pleaded guilty to two counts of robbery with violence, one of which occurred in Fairfield County and the other in New Haven County, and was sentenced to the state prison for not less than five nor more than ten years on the first count (Fairfield) and, on the second count (New Haven), the same sentence of not less than five nor more than ten years, to run concurrently. The penalty provided for this crime by § 53-14 of the General Statutes is imprisonment for not more than twenty-five years.

A difficult problem, requiring long and careful consideration of this application, has arisen from

the bizarre story of this young man's life—a history of hardship, valor and brilliant achievement for all of his twenty-three years—except for a wild spree extending over a period of two weeks from January 12 to January 26, 1962, during which he perpetrated two robberies in New York state and the two in Connecticut for which he has been sentenced —apparently using a toy pistol in all four instances.

On January 12, 1962, the defendant held up the manager of the Yale Motor Inn, in Wallingford, and obtained about $135 in cash. On January 26, 1962, he obtained about $214 in cash in a similar holdup of the Stratford Motor Inn, in Stratford. In between these two dates, he committed similar holdups at the Thunderbird Motel, in Latham, New York, on January 17 and at the Queensburg Hotel, in Glens Falls, New York, on January 22. The defendant apparently employed a toy gun, used no violence and was so courteous to his victims that he was referred to as the "Ivy League Bandit," but the crimes are serious ones and there is nothing in the circumstances of these two offenses upon which he was presented in the state to warrant any reduction of the sentence imposed.

The only factors to be considered as indicating any basis for modification of sentence are in the excellent record of the defendant prior to January, 1962. Born in Warsaw, Poland, in 1939, he and his mother spent some time in a German concentration camp after his father, a sergeant in the Polish army, was captured by the Germans. After an escape, hiding until the war's end, living as displaced persons in Germany and in a relief camp for Polish veterans in England, the family entered Canada in 1948 and eventually moved to Montreal, where the defendant made an outstanding scholastic record in the Catholic grammar schools, winning

a number of medals and a scholarship to Loyola High School, run by the Jesuit Fathers. There, his marks were excellent, and he attended Cornell University for two years, being forced to leave in 1959 to earn money to continue his education. As a naturalized citizen of Canada, he was in the reserve of the Canadian national army.

After working for a time on the defense relay station system in Newfoundland, he obtained employment with the Bell Telephone Company, stationed at Great Whale River on Hudson Bay. In 1960, as one of ten men selected from concerns working on the continental defense of our hemisphere, he attended and successfully completed a special training course sponsored by Federal Electric Corporation—which corporation thereupon gave him an eighteen months' contract as a material control specialist at $750 per month. After working for nine months of this contract at a radar station at Cape Dyer, on Baffin Island above the Arctic circle, he was given a vacation in October, 1961, spent some time in New York City, drank quite a bit, missed a plane that was to return him to Baffin Island, had his job temporarily terminated and proceeded to fall apart mentally and morally in the space of a few weeks until his arrest on January 26, 1962.

The presentence report on this defendant indicates that he is deeply religious, reads the classics extensively, is highly skilled in the field of electronics, has an exceptional ability to relate with people, is "an exceptional individual with great promise for the future" and should be considered as "a first offender" who "offers himself as excellent material for probation."

The defendant's background has been discussed at considerable length, because his prior record is

the only basis for the decision of this board that his sentence should be modified.

It is ordered that the defendant be resentenced to imprisonment in the state prison for not less than two nor more than five years on each of the two counts upon which he was sentenced, to run concurrently.

HEALEY, BOGDANSKI and MACDONALD, Js., participated in this decision.