STATE OF CONNECTICUT *v.* MARCELINO C. RODRIGUEZ

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 28, 1964

*S. V. Faulise*, of Hartford, for the defendant.

*John D. LaBelle*, state's attorney, for the state.

By THE DIVISION. The defendant, age twenty-one, pleaded guilty to the charge of manslaughter and was sentenced to the state prison for a term of not less than seven nor more than eleven years. The maximum penalty provided for this offense is either a fine of $1000 or fifteen years' imprisonment or both. General Statutes § 53-13.

On August 3, 1963, the defendant became involved in an altercation with a group of Puerto Ricans in the north-end section of Hartford where he lived. The altercation carried over into the next day and evening and reached the point where defendant went home and got a .22 caliber revolver and returned to the street. He was then cornered by the same gang in his own neighborhood. The gang went after him with clubs and a baseball bat. Defendant retreated some and then stood his ground and fired one shot into the ground. Someone in the gang shouted, "That gun is blank, don't wait any longer," and again they surged forward toward him, at which time defendant fired five more shots, one of which struck the victim.

There is no question that the defendant had a gun and that he shot it with abandon. There is, however, some question as to the activity of the victim. One witness claims that the victim was a bystander. Other witnesses claim that the victim was in the gang who was after the defendant with a club. From all the circumstances, it appears more probable that he was a part of the gang.

At the time of sentencing, the state's attorney made the observation that in his experience with Puerto Ricans, he found that one of the things they never do is run; that you are not a man if you back off, you must face your enemy; that this is the cultural background or heritage that they have.

The defendant has no prior record and is twenty-one years of age. He is a native of Puerto Rico and came to Hartford in May, 1960. He has an excellent work record and good reputation here as well as in Puerto Rico, where his family resides. He comes from an excellent family, and the Puerto Rican authorities speak highly of him. He presents a picture of a young man of better than average character, intelligence and ability.

The background and prior record of a defendant has been held by this division to be a relevant factor in considering a modification of a sentence. *State v. Malolepszy,* 24 Conn. Sup. 304, 306. Certainly what the defendant did cannot be condoned. However, in view of his excellent record, his youth and apparent lack of judgment because of it, and his racial heritage, a modification of the sentence is warranted.

Wherefore, it is hereby ordered that the sentence of November 22, 1963, should be modified and that the defendant be resentenced by the Superior Court to not less than five years nor more than ten years, the resentence to commence as of November 22, 1963.

BARBER and BOGDANSKI, Js., participated in this decision.

LOISELLE, J. (dissenting). I cannot agree with the majority of the division that the sentence of the accused be modified.

When the defendant was informed that the other boys with whom he had an altercation on the previous evening were looking for him to beat him up, he deliberately went home for a revolver and then came back to the area where he had been previously. Then when the other boys found him and came after him with sticks and a baseball bat, he fired a shot into the ground, and as they came nearer, he fired five shots into the group of boys, mortally wounding the victim. Everyone agrees that he shot the gun "with abandon."

I cannot subscribe to the proposition that the cultural background or heritage of the accused that a person is not a man if he does not stand up and fight should be a determining factor in the modification of his sentence. The accused is twenty-one years old and is no child. When he shot five bullets into the group of boys, he did it deliberately, and the killing of the victim could very well be found to be murder. The state gave him consideration for his previous good record and behavior by allowing him to plead to the charge of manslaughter rather than face an indictment for murder.

The sentence should stand.